1  **GARTH W. AUBERT – SBN 162877**
   **COURTNEY M. POEL – SBN 246299**
2  **MENDES & MOUNT, LLP**
   445 S. Figueroa Street, 38th Floor
3  Los Angeles, CA  90071-1601
   Tel.: (213) 955-7700/ Fax: (213) 955-7725
4  Email: Garth.Aubert@mendes.com
   Email: Courtney.Poel@mendes.com
5
   Attorneys for Defendant
6  **PRATT & WHITNEY CANADA CORP.**

7

8                **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11  LORI REZABEK-KELLS,                     **CV 08      3795**
    individually, as Successor-in-Interest, )  **CASE NO.**
12  as Personal Representative of the        )
    Estates of PAUL KELLS and              ) [Removal from Superior Court of
13  CONNOR KELLS, deceased, and as          ) California for the County of San
    GUARDIAN AD LITEM for                  ) Francisco, Case No. CGC-07-465132]
14  MARGARET KELLS and LAUREN               )
    KELLS, minors,                          ) **DEFENDANT PRATT & WHITNEY**
15                                          ) **CANADA CORP.'S NOTICE OF**
    DONALD RUETZ, individually, as          ) **REMOVAL OF ACTION UNDER 28**
16  Successor-in-Interest, and as Personal  ) **U.S.C. § 1332(A)(1) AND § 1441(B)**
    Representative of the Estates of        )
17  CYNTHIA RUETZ, RAYMOND                  ) **[DIVERSITY OF CITIZENSHIIP]**
    RUETZ, and TYLER RUETZ,                 )
18  deceased, VANESSA GERMANI,              ) Complaint Filed: July 13, 2007
    DANIEL NELSON and DONALD                )
19  NELSON, individually and as             )
    Successors-in-Interest of the Estate of )
20  CYNTHIA RUETZ,                          )
                                            )
21             Plaintiffs,                  )
                                            )
22  vs.                                     )
                                            )
23                                          )
    PILATUS AIRCRAFT, LTD.,                 )
24  PILATUS BUSINESS AIRCRAFT,              )
    LTD., PRATT & WHITNEY                   )
25  CANADA CORP., GG AIRCARAFT              )
    LLC, DOES 1-25,                         )
26                                          )
               Defendants.                  )
27  _____    )

28

_____
Defendant Pratt & Whitney Canada Corp.'s Notice of Removal

                              - 1 -

1  TO THE CLERK OF THE NORTHERN DISTRICT COURT OF CALIFORNIA
2  AND TO PLAINTIFFS AND THEIR COUNSEL:

3      PLEASE TAKE NOTICE that Defendant Pratt & Whitney Canada Corp.
4  ("P&WC") hereby removes this action from the Superior Court of California for
5  the County of San Francisco, to the United States District Court of the Northern
6  District of California, pursuant to 28 U.S.C. § 1332(a)(1), § 1441(b) (Diversity of
7  Citizenship) and § 1446. This Court has jurisdiction over this action pursuant to 28
8  U.S.C. § 1332(a). The removal of this action is based on the following:

9      **FACTUAL BACKGROUND**

10     1.    Plaintiffs  Lori  Rezabek-Kells,  individually,  and  as  Personal
11 Representative of the Estates of Paul Kells and Connor Kells, deceased; Lori
12 Rezabek-Kells as Guardian ad Litem for Margaret Kells and Lauren Kells, minors;
13 Donald Ruetz, individually, and as Personal Representative of the Estates of
14 Cynthia Ruetz, Raymond Ruetz, and Tyler Ruetz, deceased; Vanessa Germani,
15 Daniel Nelson and Donald Nelson, individually, and as Successors in Interest of
16 the Estate of Cynthia Ruetz (hereinafter collectively "Plaintiffs") filed this lawsuit
17 on July 13, 2007 in the Superior Court of California for the County of San
18 Francisco, being designated as Case No. CGC-07-465132 (hereinafter "the State
19 Court Action"). A copy of the Complaint in the State Court Action is attached
20 hereto as Exhibit "A".

21     2.    Plaintiffs allege numerous causes of action involving wrongful death,
22 survivorship, negligence, strict product liability and breach of warranty arising out
23 of an aircraft accident near Playa Flamingo, Costa Rica, on July 16, 2005. *See*
24 Compl. at ¶¶ 15-18, 20-25, 27-33, 35-38, 40-44.

25     3.    Plaintiffs allege that they have suffered injuries as described therein
26 including personal injuries and subsequent death, loss of support, loss of
27 companionship, property damage, and incidental expenses. *See* Compl. at ¶¶ 18,
28 25, 33, 38, 44.

4.      Plaintiffs originally named defendant, GG Aircraft LLC, which is a Delaware corporation with its principal place of business in California. However, on March 19, 2008 the Court held the settlement between Plaintiffs, GG Aircraft LLC, and individual members of the Gund family to be in good faith. *See* Order Denying Motion to Contest Settlement ("Good Faith Order") attached hereto as Exhibit "B". The Court ordered that any and all complaints or cross-complaints filed against any of the settling parties in connection with the settled claims were barred. *See* Good Faith Order at pp. 2:23-25. On August 5, 2008, pursuant to the good faith settlement, Plaintiffs voluntarily dismissed GG Aircraft LLC, the only remaining California defendant. *See* Request for Dismissal filed in State Court action attached hereto as Exhibit "C." Plaintiffs also previously dismissed the Pilatus defendants, neither of which are a California corporation.

5.      This Court has subject matter jurisdiction over this action and all claims asserted against the defendants pursuant to 28 U.S.C. § 1332(a).

6.      Because this Court has subject matter jurisdiction over this action, removal of this action to the Court is proper pursuant to 28 U.S.C. § 1441.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a), because the United States District Court for the Northern District of California is the federal judicial district and division embracing the Superior Court of California for the County of San Francisco, where the State Court Action was originally filed.

8.      This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446, because it is filed within thirty days after the case became removable when the non-diverse defendant in this action was dismissed. As set forth above, this case became removable when the last remaining California defendant was voluntarily dismissed on August 5, 2007. This removal is being filed on August 7, 2008.

///

1    9.    The are no remaining defendants in this action to join in this removal.

2    10.    Pursuant to 28 U.S.C. § 1446(d), P&WC is filing this Notice of
3    Removal with this Court, serving a copy of this Notice upon Plaintiffs' counsel and
4    filing a copy in the Superior Court of California for the County of San Francisco.

5    ## DIVERSITY JURISDICTION – COMPLETE DIVERSITY

6    11.    This Court has subject matter jurisdiction over this action and all
7    claims asserted against the defendants pursuant to 28 U.S.C. § 1332(a).

8    12.    Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction
9    over all civil actions where the action is between citizens of different States and the
10    matter in controversy exceeds the sum or value of $75,000, exclusive of interest or
11    costs. *See* 28 U.S.C. § 1332(a).

12    13.    As set forth below, this action satisfies all requirements for federal
13    jurisdiction under 28 U.S.C. § 1332(a).

14    14.    **Citizenship:**  The Defendants and Plaintiffs in this matter are citizens
15    of different States and/or foreign states.  Upon information and belief, Plaintiffs
16    Lori Rezabek-Kells (as both individual and personal representative for the Estates
17    of Paul Kells and Connor Kells), Margaret Kells, minor, and Lauren Kells, minor,
18    are citizens of the State of California. *See* Compl. at ¶ 1.  Plaintiffs Donald Ruetz
19    (as both individual and personal representative for the Estates of Cynthia Ruetz,
20    Raymond Ruetz and Tyler Ruetz), Vanessa Germani-Ruetz, Donald Nelson and
21    Daniel Nelson are also citizens of the State of California. *See* Compl. at ¶ 2.
22    The remaining defendants are as follows:

23       • Pratt & Whitney Canada Corp. is an unlimited liability company
24          incorporated under the laws of Canada with its principal place of
25          business in Longueuil, Québec, Canada.

26    15.    As seen above, no defendant is a citizen of California.  Accordingly,
27    the requirement of complete diversity is satisfied. *See* 28 U.S.C. § 1332(a).

28    ///

16.   **Amount in Controversy**: It is facially apparent from the Complaint that Plaintiffs seek an amount in controversy in excess of $75,000.00. This is evidenced by the claims and damages sought. This case involves the death of two adults and three minor children. The decedents have left surviving spouses, minor children, and other family members. Plaintiffs seek damages for wrongful death, survivorship, negligence, strict product liability and breach of warranty. Plaintiffs' prayer includes general consequential damages, special damages, funeral/burial expenses, loss of earnings and earning capacity, and damage to personal property. Therefore, the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, based on the allegations themselves. Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

17.   Because 28 U.S.C. § 1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

18.   Pursuant to the applicable provisions of 28 U.S.C. § 1441 and other applicable statutes that P&WC has complied with, this cause of action is removable to the United States District Court for the Northern District of California.

WHEREFORE, for the reasons set forth above, P&WC requests that this Court assume full jurisdiction over this action as provided by law.

DATED: August_7, 2008

**MENDES & MOUNT, LLP**

By:_____
GARTH W. AUBERT
COURTNEY M. POEL
Attorneys for Defendant
**PRATT & WHITNEY
CANADA CORP.**

# EXHIBIT "A"

☐ **ORIGINAL**

1  Stuart R. Fraenkel (173991)
   **Kreindler & Kreindler LLP**
2  707 Wilshire Boulevard, Suite 4100
   Los Angeles, California 90017
3  Telephone (213) 622-6469
   Facsimile: (213) 622-6019
4  sfraenkel@kreindler.com

5  Noah H. Kushlefsky
   Brian J. Alexander
6  **Kreindler & Kreindler LLP**
   100 Park Avenue
7  New York, New York 10017
   Telephone (212) 687-8181
8  Facsimile (212) 972-9432

9  *Attorneys for Plaintiffs*

**F I L E D**

San Francisco County Superior Court

JUL 1 3 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

**CASE MANAGEMENT CONFERENCE SET**

DEC 1 4 2007 -9ᴼᴼAM

**DEPARTMENT 212** NO SUMMONS ISSUED

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              FOR THE COUNTY OF SAN FRANCISCO

12                  UNLIMITED JURISDICTION

13  LORI REZABEK-KELLS, individually, as    )   Case No. CGC-07-465132
    Successor in Interest, as Personal       )
14  Representative of the Estates of PAUL     )   **COMPLAINT FOR WRONGFUL**
    KELLS and CONNOR KELLS,                   )   **DEATH and SURVIVAL DAMAGES**
15  deceased, and as GUARDIAN AD             )
    LITEM for MARGARET KELLS and              )
16  LAUREN KELLS, minors,                     )   **JURY TRIAL DEMANDED**
                                              )
17  DONALD RUETZ, individually, as            )
    Successor in Interest, and as Personal    )
18  Representative of the Estates of          )
    CYNTHIA RUETZ, RAYMOND RUETZ,             )
19  and TYLER RUETZ, deceased,                )
    VANESSA GERMANI, DANIEL                   )
20  NELSON and DONALD NELSON,                 )
    individually and as Successors in         )
21  Interest of the Estate of CYNTHIA         )
    RUETZ,                                    )
22              Plaintiffs,                   )
                                              )
23          vs.                               )
                                              )
24  PILATUS AIRCRAFT, LTD., PILATUS           )
    BUSINESS AIRCRAFT, LTD., PRATT            )
25  & WHITNEY CANADA CORP., GG                )
    AIRCRAFT LLC, DOES 1-25,                  )
26                                            )
                Defendants.                   )
27  _____ )

28

BY FAX

1         Plaintiffs, LORI REZABEK-KELLS, individually, as Successor in Interest, as

2 Personal Representative of the Estates of PAUL KELLS and CONNOR KELLS, deceased,

3 and as GUARDIAN AD LITEM for MARGARET KELLS and LAUREN KELLS, minors, and

4 DONALD RUETZ, individually, as Successor in Interest, and as Personal Representative

5 of the Estates of CYNTHIA RUETZ, RAYMOND RUETZ, and TYLER RUETZ, deceased,

6 VANESSA GERMANI, DANIEL NELSON and DONALD NELSON, individually and as

7 Successors in Interest of the Estate of CYNTHIA RUETZ, allege against the defendants

8 as follows:

9                       **JURISDICTION AND VENUE**

10      1.      Plaintiffs LORI REZABEK-KELLS, MARGARET KELLS, minor, and LAUREN

11 KELLS, minor, are citizens of California.

12      2.      Plaintiffs DONALD RUETZ, VANESSA GERMANI-RUETZ, DONALD

13 NELSON and DANIEL NELSON are citizens of California.

14      3.      Defendant PILATUS BUSINESS AIRCRAFT, LTD., and DOES 1-3, are a

15 Colorado corporation with its principal place of business in Colorado; Defendant PILATUS

16 AIRCRAFT, LTD., and DOES 4-6, are a foreign corporation with its principal places of

17 business in Switzerland. At all times mentioned herein, PILATUS AIRCRAFT, LTD., by

18 and through its agents and  PILATUS BUSINESS AIRCRAFT, LTD., a wholly owned

19 subsidiary incorporated in Colorado (together referred to herein as "PILATUS"), and DOES

20 1-6, were and are doing substantial business in and had contacts with the State of

21 California sufficient for this Court to exercise jurisdiction over these defendants.

22      4.      Defendant PRATT & WHITNEY CANADA CORP. (referred to as "PRATT &

23 WHITNEY"), and DOES 7-9, are a foreign corporation with its principal place of business

24 in Canada. At all times relevant, PRATT & WHITNEY, and DOES 7-9, was and is doing

25 substantial business in and had contacts with the State of California sufficient for this Court

26 to exercise jurisdiction over it.

27      5.      Plaintiff is informed and believes and thereon alleges that at all times herein

28 mentioned, defendant GG AIRCRAFT LLC (hereinafter "GG AIRCRAFT") and DOES 10-12

206721.1

1 | was a Delaware Limited Liability Company with its principal place of business and
2 | members in San Francisco, California. At all times relevant, GG AIRCRAFT, and DOES
3 | 10-12, were and are doing substantial business in and had contacts with the State of
4 | California sufficient for this Court to exercise jurisdiction over it.

5 |      6.    Plaintiffs are informed and believe and thereon allege that at all times herein
6 | mentioned, defendants DOES 1-25, inclusive, and each of them, are individuals and
7 | business organizations, the precise nature of which is not presently known to plaintiff, and
8 | said defendants were authorized to and were doing business in, the County of Los
9 | Angeles, State of California.  Once the exact business nature of said defendants is
10 | ascertained by plaintiffs, the complaint will be amended to allege said defendants' correct
11 | business status and capacity.  Plaintiffs are further informed and believe and thereon
12 | allege that at all times herein mentioned, defendants DOES 1-25, inclusive, were involved
13 | in the cause or contributed to the subject accident and/or injuries to the plaintiffs.

14 |      7.    The full extent of the facts linking the fictitiously designated DOE defendants
15 | with the causes of action herein alleged are unknown to the plaintiffs, or their true names
16 | and/or capacities, whether they are individual, plural, corporate, partnership, associate or
17 | otherwise. Defendants DOES 1 through 50, inclusive, are unknown to plaintiffs. Plaintiffs
18 | therefore sues said defendants by such fictitious names.  Plaintiffs are informed and
19 | believe and thereon allege that each of the defendants designated herein as a DOE is
20 | careless, negligent, wanton, reckless, tortious and unlawfully responsible in some manner
21 | for the events and happenings hereinafter referred to and carelessly, negligently, wantonly,
22 | recklessly, tortiously, wrongfully and unlawfully caused or contributed to the cause of the
23 | injuries and damages thereby to plaintiff as herein alleged.  Plaintiffs will seek leave of
24 | court to amend this complaint to show said defendants' true names and/or capacities after
25 | the same has been ascertained.

26 |      8.    Plaintiffs are informed and believe and thereon allege that at all times
27 | relevant hereto, the defendants, and each of them, were the agents, servants, employees
28 | and joint venturers of the other remaining defendants, and were at all times herein

206721.1

1 | mentioned, acting within the course, scope and purpose of said agency, employment and
2 | joint venture.

3 |      9.    Jurisdiction and venue are proper in this County and district pursuant to
4 | section 395(a) of the Civil Code in that certain of the defendants reside and/or do business
5 | in this County, and the aggregate amount of the claims exceed the jurisdictional minimum
6 | of this Court.

7 | **GENERAL ALLEGATIONS**

8 |      10.    Plaintiff LORI REZABEK-KELLS brings actions for wrongful deaths,
9 | individually, as Successor in Interest, as Personal Representative of the Estates of PAUL
10 | KELLS and CONNOR KELLS, deceased, and as GUARDIAN AD LITEM for MARGARET
11 | KELLS and LAUREN KELLS, minors. Plaintiff LORI REZABEK-KELLS is the surviving
12 | wife of PAUL KELLS and the surviving mother of CONNOR KELLS. Plaintiff MARGARET
13 | KELLS, minor, and LAUREN KELLS, minor, are the surviving daughters of PAUL KELLS
14 | and the sisters of CONNOR KELLS.

15 |      11.    Plaintiff DONALD RUETZ brings actions for wrongful deaths, individually, as
16 | Successor in Interest, and as Personal Representative of the Estates of CYNTHIA RUETZ,
17 | RAYMOND RUETZ, and TYLER RUETZ, deceased. Plaintiff DONALD RUETZ is the
18 | surviving husband of CYNTHIA RUETZ and the surviving father of RAYMOND RUETZ,
19 | and TYLER RUETZ. Plaintiffs VANESSA GERMANI, DANIEL NELSON and DONALD
20 | NELSON, bring actions for wrongful death, individually, and as Successors in Interest of
21 | the Estate of CYNTHIA RUETZ. Plaintiff VANESSA GERMANI is the surviving daughter
22 | of CYNTHIA RUETZ. Plaintiff DONALD NELSON is the surviving father of CYNTHIA
23 | RUETZ. Plaintiff DANIEL NELSON is the surviving brother of CYNTHIA RUETZ.

24 |      12.    On and prior to July 16, 2005, the PILATUS defendants and DOES 1-6 were
25 | in the business of designing, testing, certifying, manufacturing, inspecting, marketing,
26 | distributing, selling, servicing, maintaining, repairing, providing replacement parts, and
27 | supporting general aviation aircraft, including a certain Pilatus PC-6 Turbo Porter aircraft,
28 | serial no. 908, and FAA Registration No. N908PL (the "SUBJECT AIRCRAFT") and wrote

206721.1

1  and/or approved instructions and warnings for the Subject Aircraft, and its component
2  parts, including its flight and operations manuals, maintenance manuals, maintenance
3  instructions, service bulletins and inspection schedules.

4      13.    On and prior to July 16, 2005, defendant PRATT & WHITNEY and DOES 7-
5  9, was in the business of designing, testing, certifying, manufacturing, inspecting,
6  marketing, distributing, selling, servicing, maintaining, repairing, providing replacement
7  parts, and supporting turbine engines designed for general aviation aircraft, including a
8  certain PT6A-27 engine, serial no. PC-E42736 (the "SUBJECT ENGINE") which was
9  installed on the Subject Aircraft and wrote and/or approved instructions and warnings for
10  the Subject Engine, and its component parts, including its flight and operations manuals,
11  maintenance manuals, maintenance instructions, service bulletins and inspection
12  schedules. .

13      14.    On and prior to July 16, 2005, defendants GG AIRCRAFT LLC and DOES
14  10-12 were engaged in the business of owning, operating, controlling, using, testing,
15  equipping, servicing, maintaining, repairing and complying with Federal Aviation
16  Regulations for the subject aircraft.

17      15.    On or about July 16, 2005, PAUL KELLS, CONNOR KELLS, CYNTHIA
18  RUETZ, RAYMOND RUETZ and TYLER RUETZ were passengers aboard the SUBJECT
19  AIRCRAFT as it was being flown at or near Playa Flamingo, Costa Rica, when it crashed
20  causing serious, painful and ultimately fatal injuries to all persons on board the aircraft, and
21  causing the plaintiffs to sustain damages within the state of California.

22      16.    The accident, crash and resulting damages were caused by the careless,
23  negligent, reckless and unlawful acts and omissions of the defendants, and each of them,
24  as stated herein.

25      17.    As a result of the foregoing, PAUL KELLS, CONNOR KELLS, CYNTHIA
26  RUETZ, RAYMOND RUETZ AND TYLER RUETZ suffered pre-impact fear and terror, pain
27  and suffering, physical injury, pre-death fear and terror, and were otherwise injured in a
28  personal and pecuniary manner.

**COMPLAINT FOR WRONGFUL DEATH and SURVIVAL DAMAGES**

1    18.    As a result of the foregoing and the matters herein alleged, plaintiffs have

2    sustained economic and non-economic damages, funeral and burial expenses, property

3    damage and all other damages available by law.

4

5    **FIRST CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL**
     **DAMAGES AGAINST DEFENDANTS PILATUS,**
6    **PRATT & WHITNEY AND DOES 1-9**
     **(NEGLIGENCE ALLEGATIONS)**
7
     19.    Plaintiffs reallege and incorporate by reference each and every allegation and
8
     statement contained in paragraphs 1 through 18 above as if fully set forth.
9
     20.    At all times herein relevant, it was the duty of defendants PILATUS and
10
     PRATT & WHITNEY, including their officers, agents and employees, to exercise ordinary
11
     care in the design, testing, manufacture, assembly, inspection, sale, lease, distribution,
12
     maintenance, repair, servicing, developing and issuing instructions, and warnings, including
13
     service intervals, inspection intervals and life limits regarding the SUBJECT AIRCRAFT
14
     and its components, including the SUBJECT ENGINE, so as not to cause injury to or the
15
     death of members of the public, including PAUL KELLS, CONNOR KELLS, CYNTHIA
16
     RUETZ, RAYMOND RUETZ AND TYLER RUETZ.
17
     21.    Notwithstanding these duties, defendants PILATUS and PRATT & WHITNEY
18
     breached their duties in the design, testing, manufacture, assembly, inspection, sale,
19
     lease, distribution, maintenance, repair, servicing, developing and issuing instructions and
20
     warnings, including service intervals, inspection intervals and life limits regarding the
21
     SUBJECT AIRCRAFT and its components, including the SUBJECT ENGINE.
22
     22.    Plaintiffs are informed, believe and allege that defendants PILATUS and
23
     PRATT & WHITNEY negligently designed and/or manufactured and/or distributed the
24
     SUBJECT AIRCRAFT and its components, including the SUBJECT ENGINE, by utilizing
25
     a design and materials that allowed for the premature failure of certain components during
26
     normal and foreseeable operations.
27
     23.    Defendants PILATUS and PRATT & WHITNEY, as the designers and/or
28
     manufacturers and/or distributors of the SUBJECT AIRCRAFT and SUBJECT ENGINE,

- 6 -                                    206721.1

**COMPLAINT FOR WRONGFUL DEATH and SURVIVAL DAMAGES**

1 │ had a duty to provide adequate warnings, instructions, training materials and maintenance
2 │ and inspection procedures and intervals for the SUBJECT AIRCRAFT and the SUBJECT
3 │ ENGINE to ensure safe operation of the SUBJECT AIRCRAFT in normal flight, and they
4 │ failed in that duty.

5 │        24.    On or about July 16, 2005, as a direct and proximate result of one or more
6 │ negligent acts or omissions of defendants PILATUS and PRATT & WHITNEY, the
7 │ SUBJECT AIRCRAFT crashed.

8 │        25.    As a direct result of the aforesaid conduct of the defendants PILATUS and
9 │ PRATT & WHITNEY, and each of them, decedents PAUL KELLS, CONNOR KELLS,
10 │ CYNTHIA RUETZ, RAYMOND RUETZ, and TYLER RUETZ were killed, and as a result
11 │ plaintiffs LORI-REZABEK-KELLS, MARGARET KELLS, LAUREN KELLS, DONALD
12 │ RUETZ, VANESSA GERMANI, DANIEL NELSON and DONALD NELSON were injured
13 │ and damaged as herein alleged and according to proof at trial.

14 │

15 │        **SECOND CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL**
   │        **DAMAGES AGAINST DEFENDANTS PILATUS,**
16 │        **PRATT & WHITNEY AND DOES 1-9**
   │        **(STRICT LIABILITY ALLEGATIONS)**
17 │

18 │        26.    Plaintiffs reallege and incorporate by reference each and every allegation and
   │ statement contained in paragraphs 1 through 18 above as if fully set forth.
19 │

20 │        27.    Plaintiffs are informed, believe and allege that defendants PILATUS and
   │ PRATT & WHITNEY, and each of them, designed, manufactured, fabricated, converted,
21 │ maintained, repaired, modified, designed, assembled, distributed, bought, sold, leased,
22 │
   │ inspected, serviced, repaired, marketed, tested, warranted, and advertised the SUBJECT
23 │
   │ AIRCRAFT and the SUBJECT ENGINE, and each and every component part thereof.
24 │

25 │        28.    Defendants were required to design and manufacture the SUBJECT
   │ AIRCRAFT and the SUBJECT ENGINE, including all service, maintenance and operations
26 │
   │ manuals so that they were free from design and manufacturing defects, and were required
27 │
   │ to design and manufacture an engine that would not fail in flight and/or would not subject
28 │
   │ critical component parts to premature failure. However, the SUBJECT ENGINE in the

- 7 -                                                    206721.1

1  SUBJECT AIRCRAFT was not adequately designed and/or manufactured to prevent such
2  phenomena and was instead susceptible to in-flight failure and loss of power, thus causing
3  the SUBJECT AIRCRAFT to be unreasonably dangerous and unsafe.

4      29.   Plaintiffs are informed, believe and allege that defendants were required to
5  provide certain warnings, instructions, training materials and maintenance and inspection
6  intervals and procedures to operators of the SUBJECT AIRCRAFT and SUBJECT ENGINE
7  to enable them to determine the airworthiness and proper operation of the SUBJECT
8  AIRCRAFT and SUBJECT ENGINE. Defendants failed to warn, instruct, train and/or issue
9  adequate maintenance and inspection procedures and other instructions regarding such
10  dangers and/or issued inadequate warnings, instructions, training materials and
11  maintenance and inspection procedures and intervals.

12      30.   Plaintiffs are informed, believe and allege that the SUBJECT AIRCRAFT and
13  SUBJECT ENGINE had design and/or manufacturing defects which led to an engine failure
14  and caused catastrophic injuries to the occupants of the SUBJECT AIRCRAFT. As such,
15  the SUBJECT AIRCRAFT and SUBJECT ENGINE were defective, not fit for their intended
16  purposes, and were unreasonable unreasonably dangerous by reason of defective design,
17  manufacture, assembly, inspection, testing, warning, instruction, sale, lease, service,
18  repair, and/or maintenance on the part of defendants PILATUS and PRATT & WHITNEY.

19      31.   Plaintiffs are informed, believe and allege that Defendants PILATUS and
20  PRATT & WHITNEY, and each of them, knew of the defects and failed to warn of the
21  defects.

22      32.   Plaintiffs are informed, believe and allege that at the time of the accident, the
23  SUBJECT AIRCRAFT and SUBJECT ENGINE were being operated and used for the
24  purposes and in a manner for which they were designed, manufactured, assembled,
25  inspected, tested, sold, leased and intended to be used, and in a manner reasonably
26  foreseeable to defendants, and in the condition without substantial change from its original
27  condition when it was sold, leased and delivered by defendants PILATUS and PRATT &
28  WHITNEY.

- 8 -    206721.1

**COMPLAINT FOR WRONGFUL DEATH and SURVIVAL DAMAGES**

1    33.    As a direct result of the defects in the SUBJECT AIRCRAFT and SUBJECT
2  ENGINE and the conduct of defendants PILATUS and PRATT & WHITNEY, and each of
3  them, decedents PAUL KELLS, CONNOR KELLS, CYNTHIA RUETZ, RAYMOND RUETZ,
4  and TYLER RUETZ were killed, and as a result plaintiffs LORI REZABEK-KELLS,
5  MARGARET KELLS, LAUREN KELLS, DONALD RUETZ, VANESSA GERMANI, DANIEL
6  NELSON and DONALD NELSON were injured and damaged as herein alleged and
7  according to proof at trial.

8
9                    **THIRD CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL
                     DAMAGES AGAINST DEFENDANTS PILATUS,
                     PRATT & WHITNEY AND DOES 1-9
10                   (BREACH OF WARRANTY ALLEGATIONS)**

11    34.    Plaintiffs reallege and incorporate by reference each and every allegation and
12  statement contained in paragraphs 1 through 33 above as if fully set forth.

13    35.    Plaintiffs are informed, believe and allege that prior to the time the SUBJECT
14  AIRCRAFT and SUBJECT ENGINE  were sold and delivered, through the date of the
15  accident, defendants PILATUS and PRATT & WHITNEY expressly and/or impliedly
16  warranted and represented that the SUBJECT AIRCRAFT and engine, including their
17  instructions and warnings, were free from defects, were airworthy, were of merchantable
18  quality, fit and safe for the purpose for which they were designed, manufactured,
19  assembled, inspected, tested, sold, leased, serviced, repaired, maintained, and intended
20  to be used. Defendants further warranted that the instructions, warnings and maintenance
21  and inspection procedures and intervals regarding the SUBJECT AIRCRAFT and engine
22  were adequate.

23    36.    Plaintiffs are informed, believe and allege that at the time the were sold,
24  leased and delivered, through the date of the accident, the defendants breached their
25  warranties in that the SUBJECT AIRCRAFT and SUBJECT ENGINE were defective, not
26  airworthy, not of merchantable quality, not fit and safe for the purpose for which they were
27  designed, manufactured, assembled, inspected, tested, sold, leased, serviced, repaired,
28  maintained, and intended to be used. Defendants further breached said warranties in that

1 │ the instructions, warnings and maintenance and inspection procedures and intervals were
2 │ not adequate.

3 │     37.    Plaintiffs are informed, believe and allege that on the day of the accident,
4 │ decedents PAUL KELLS, CONNOR KELLS, CYNTHIA RUETZ, RAYMOND RUETZ, and
5 │ TYLER RUETZ, by way of their invitation to be transported on the SUBJECT AIRCRAFT,
6 │ were intended beneficiaries of the warranties extended by the defendants.

7 │     38.    As a direct result of the aforesaid breach of express and implied warranties
8 │ by defendants PILATUS and PRATT & WHITNEY, and each of them, decedents PAUL
9 │ KELLS, CONNOR KELLS, CYNTHIA RUETZ, RAYMOND RUETZ, and TYLER RUETZ
10 │ were killed, and as a result plaintiffs LORI REZABEK-KELLS, MARGARET KELLS,
11 │ LAUREN KELLS, DONALD RUETZ, VANESSA GERMANI, DANIEL NELSON and
12 │ DONALD NELSON were injured and damaged as herein alleged and according to proof
13 │ at trial.

15 │ **FOURTH CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL**
16 │ **DAMAGES AGAINST THE GG AIRCRAFT DEFENDANTS AND DOES 10-15**
**(NEGLIGENCE ALLEGATIONS)**

17 │     39.    Plaintiffs reallege and incorporate by reference each and every allegation and
18 │ statement contained in paragraphs 1 through 38 above as if fully set forth.

19 │     40.    Prior to and on July 16, 2005, and at all other relevant times herein, the GG
20 │ AIRCRAFT DEFENDANTS and DOES 10-12 owned, inspected, maintained, controlled,
21 │ used and operated the subject aircraft.

22 │     41.    On July 16, 2005, while the GG AIRCRAFT DEFENDANTS and DOES 10-12
23 │ operated the subject aircraft on the subject flight, the subject aircraft crashed, causing
24 │ plaintiffs' decedents to suffer serious injuries, death and resulting damages.

25 │     42.    Defendant GG AIRCRAFT DEFENDANTS and DOES 10-12 owed plaintiffs'
26 │ decedents a duty of care with respect to the use, operation, control and maintenance of
27 │ the subject aircraft so as not to cause injuries, death or damages.

28 │     43.    The crash of the subject aircraft and the resulting injuries, death and

- 10 -    206721.1

**COMPLAINT FOR WRONGFUL DEATH and SURVIVAL DAMAGES**

1  damages were directly and proximately caused by the negligence, wrongdoing,
2  carelessness, fault, and omission on the part of the GG AIRCRAFT DEFENDANTS and
3  DOES 10-12, in that the GG AIRCRAFT DEFENDANTS and DOES 10-12, failed to
4  exercise the degree of care necessary to ensure that the subject flight was conducted in
5  the safest possible manner, utilizing a properly designed, manufactured and maintained
6  aircraft suitable for the subject flight.

7      44.    As a direct result of the aforesaid negligence of the GG AIRCRAFT
8  DEFENDANTS and DOES 10-12, and as a direct and proximate result of the acts and
9  omissions of defendants as stated herein, decedents PAUL KELLS, CONNOR KELLS,
10  CYNTHIA RUETZ, RAYMOND RUETZ, and TYLER RUETZ were killed, and as a result
11  plaintiffs LORI REZABEK-KELLS, MARGARET KELLS, LAUREN KELLS, DONALD
12  RUETZ, VANESSA GERMANI, DANIEL NELSON and DONALD NELSON were injured
13  and damaged as herein alleged and according to proof at trial.

14
15                          **PRAYER FOR RELIEF**
16      WHEREFORE, plaintiffs expressly reserves the right to amend the complaint up to
17  and including the time of trial to include all theories of recovery and items of damages not
18  yet ascertained, and demand judgments against Defendants as follows:
19      1.    For general damages as set forth herein in a sum in excess of the jurisdiction
20            of this Court and according to proof;
21      2.    For special damages as set forth herein and according to proof;
22      3.    For funeral and burial expenses according to proof;
23      4.    For loss of earnings and loss of earning capacity in an amount according to
24            proof;
25      5.    For damage to personal property;
26      6.    For prejudgment interest according to proof, to the extent authorized by law;
27      7.    For costs of suit incurred herein; and
28  ///

- 11 -                                                 206721.1

**COMPLAINT FOR WRONGFUL DEATH and SURVIVAL DAMAGES**

1       8.      For such other and further relief as the Court deems just and proper.

2

3    Dated: July 12, 2007

4                                           KREINDLER & KREINDLER LLP

5

6                               By:     _____
                                            STUART R. FRAENKEL
7                                           NOAH H. KUSHLEFSKY
                                            BRIAN J. ALEXANDER
8                                           Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     - 12 -                              206721.1

1        **DEMAND FOR JURY TRIAL**

2        Plaintiffs hereby request a trial by jury.

3

4    Dated: July 12, 2007

5                                    KREINDLER & KREINDLER LLP

6

7                        By:    _____

8                                    STUART R. FRAENKEL
                                    NOAH H. KUSHLEFSKY
9                                    BRIAN J. ALEXANDER
                                    Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 13 -                            208721.1

                **COMPLAINT FOR WRONGFUL DEATH and SURVIVAL DAMAGES**

# EXHIBIT "B"

1  JONATHAN S. MORSE (SBN 74812)
   THE MORSE LAW GROUP
2  2800 28ᵗʰ Street, Suite 130
   Santa Monica, California 90405-6213
3
   Telephone: (310) 396-0700
4  Facsimile: (310) 396-0900

5  Attorneys for Defendant GG Aircraft LLC

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF SAN FRANCISCO

10

11  LORI REZABEK-KELLS, etc., et al.,          ) CASE NO. GGC-07-465132
                                               )
12  DONALD RUETZ, etc., et al.,                ) [PROPOSED] ORDER DENYING MOTION
                                               ) TO CONTEST SETTLEMENT AND
13            Plaintiffs,                       ) DETERMINING PROPOSED SETTLEMENT
                                               ) TO BE IN GOOD FAITH
14       vs.                                    ) [C.C.P. §877.6 (a) (2)]
                                               )
15  PILATUS AIRCRAFT, LTD., etc., et al,        ) ACTION FILED:        July 13, 2007
                                               )
16            Defendants.                       )
                                               )
17

18       There has been presented to this Court the Amended Application of Defendant GG

19  AIRCRAFT LLC (acting on behalf of itself and all other persons and entities identified as

20  Releasees in the proposed Settlement Agreement) for an Order determining the good faith of their

21  proposed settlement with the plaintiffs in this matter.

22       Defendant Pratt & Whitney Canada Corp. has filed a Motion to Contest the Good Faith of

23  the proposed settlement set forth in GG Aircraft LLC's original application. The settlement

24  agreement in the original application and the settlement agreement in the amended application are

25  identical except for additional promises by two of the releasees and clerical changes, and the

26  motion to contest good faith settlement of the original settlement agreement is deemed to be a

27  motion to contest the good faith of the amended settlement agreement.

28

The Morse Law Group    [PROPOSED] ORDER DENYING MOTION TO CONTEST AND DETERMINING GOOD FAITH SETTLEMENT

---

ENDORSED
F I L E D
San Francisco County Superior Court

MAR 1 9 2008

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

1   Pratt & Whitney Canada Corp.'s motion came on for hearing on January 17, 2008 and was
2   continued to March 19, 2008 to permit Pratt & Whitney to conduct further discovery.

3   On March 19, 2008, Pratt & Whitney Canada Corp.'s motion came on for hearing in
4   Department 302 of this Court. Garth Aubert appeared for defendant Pratt & Whitney Canada
5   Corp. Jonathan S. Morse appeared for defendant GG Aircraft LLC. Stuart Fraenkel appeared for
6   plaintiffs. Having reviewed all documents submitted in support of and in opposition to the
7   motion, having heard arguments of counsel, and being fully advised in the premises, this Court
8   finds that Pratt & Whitney has not sustained its burden of proof to contest the proposed settlement
9   and the motion is denied.

10   IT APPEARING TO THE SATISFACTION OF THE COURT THAT (i) the Amended
11   Application of GG Aircraft LLC is made pursuant to California Code of Civil Procedure §
12   877.6(a)(2); (ii) copies of the Amended Notice of Conditional Settlement [CCP Section 877.6],
13   Amended Notice of Sliding Scale Agreement [CCP Section 877.5], Amended Application for
14   Determination of Good Faith Settlement (with a copy of the proposed Settlement Agreement
15   attached thereto)were served by Certified Mail, Return Receipt Requested on Pilatus Aircraft Ltd.,
16   upon counsel for Pilatus Business Aircraft Ltd. and upon counsel of record for Pratt & Whitney
17   Canada Corp.; (iii) no notice of motion to contest the good faith of settlement (other than the
18   Motion of Pratt & Whitney Canada Corp.) has been served or filed within the time allowed by
19   California Code of Civil Procedure § 877.6(a)(2); and (iv) no confidentiality clause of any kind is
20   contained as part of said settlement; now, therefore, IT IS ORDERED that the Settlement
21   described in said Amended Application is in good faith within the meaning of California Code of
22   Civil Procedure § 877.6.

23   IT IS FURTHER ORDERED that any and all complaints or cross complaints filed or
24   hereafter filed against any of the settling parties for contribution, or partial or comparative
25   indemnity, in connection with any of the settled claims are barred.

26   MAR 1 9 2008                    PATRICK J. MAHONEY
27   DATED: _____          _____

28                                  JUDGE OF THE SUPERIOR COURT
                                    -2-
[PROPOSED] ORDER DENYING MOTION TO CONTEST AND DETERMINING GOOD FAITH SETTLEMENT

# EXHIBIT "C"

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>Stuart R. Fraenkel (SBN 173991)<br>KREINDLER & KREINDLER LLP<br>707 Wilshire Boulevard, Suite 4100<br>Los Angeles, CA 90017 | TELEPHONE NO.:<br>213-622-6469 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR *(Name):*  Plaintiffs Lori Kells, et al. & Donald Ruetz, et al.

Insert name of court and name of judicial district and branch court, if any:
Superior Court of California, County of San Francisco

PLAINTIFF/PETITIONER:  Lori Kells, et al. & Donald Ruetz, et al.

DEFENDANT/ RESPONDENT:  Pilatus Aircraft, Ltd., et al.

| **REQUEST FOR DISMISSAL**<br>[✓] Personal Injury, Property Damage, or Wrongful Death<br>[ ] Motor Vehicle  [ ] Other<br>[ ] Family Law<br>[ ] Eminent Domain<br>[ ] Other *(specify)* : | CASE NUMBER:<br>CGC-97-465132 |
|---|---|

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:

a. (1) [✓] With prejudice  (2) [ ] Without prejudice

b. (1) [ ] Complaint  (2) [ ] Petition
  (3) [ ] Cross-complaint filed by *(name):*            on *(date):*
  (4) [ ] Cross-complaint filed by *(name):*            on *(date):*
  (5) [ ] Entire action of all parties and all causes of action
  (6) [✓] Other *(specify):** As to GG Aircraft LLC, only.

Date:  August 5, 2008

Stuart R. Fraenkel
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(TYPE OR PRINT NAME OF [✓] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

▶ _____ (SIGNATURE)

*If dismissal requested is of specified parties only or of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[✓] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross - complainant

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
  Date:

▶ _____

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
** If a cross-complaint- or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

(SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross - complainant

*(To be completed by clerk)*
3. [ ] Dismissal entered as requested on *(date):*
4. [ ] Dismissal entered on *(date):*      as to only *(name):*
5. [ ] Dismissal **not entered** as requested for the following reasons *(specify):*

6. [ ] a. Attorney or party without attorney notified on *(date):*
     b. Attorney or party without attorney not notified. Filing party failed to provide
       [ ] a copy to conformed [ ] means to return conformed copy

Date: _____  Clerk, by _____, Deputy

Page 1 of 1

| Form Adopted for Mandatory use<br>Judicial Council of California<br>CIV-110 [Rev. January 1, 2007] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Cal. Rules of Court, rule 3.1390<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

1      **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA**    )
                                )
3    **COUNTY OF LOS ANGELES)**
           I, the undersigned, declare:

4
           I am employed in the County of Los Angeles, State of California. I am over the age of 18
5
     and not a party to the within action; my business address is 707 Wilshire Boulevard, Suite 4100,
6
     Los Angeles, California 90017.
7
           On August 5, 2008, I served the foregoing document described as follows:
8
                                **REQUEST FOR DISMISSAL**
9
           on the interested parties in this action by placing true copies thereof enclosed in sealed
10
     envelopes addressed as stated on the attached service list, as
11

12    _X_   BY MAIL:
            I am "readily familiar" with the firm's practice of collection and processing correspondence for
13          mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day
            with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.
14          I am aware that on motion of the party served, service is presumed invalid if postal cancellation
            date or postage meter date is more than one day after date of deposit for mailing in affidavit.
15
           ____   BY PERSONAL SERVICE:
16                I caused to be delivered such envelope by hand to the offices of the addressee.

17         ____   BY FEDERAL EXPRESS OR OVERNIGHT COURIER

18         ____   BY ELECTRONIC MAIL:
                  I served by electronic mail at the email address(es) below:
19
           ____   BY TELECOPIER:
20                I served by facsimile at the numbers listed below:

21    _X_   (State) I declare under penalty of perjury under the laws of the State of California that the
            above is true and correct.
22
           ____   (Federal) I declare that I am employed in the office of a member of the bar of this Court
23                at whose direction the service was made.

24
           Executed on August 5, 2008, at Los Angeles, California.
25
26         ____Wendy Kurtz____                          _____
           (Type of Print Name)                              (Signature)
27

28

**SERVICE LIST**
*Kells, et al. v. Pratt & Whitney Canada Corp., et al.*
**Case No. CGC-97-465132**

| | |
|---|---|
| Mr. Garth W. Aubert<br>**MENDES & MOUNT LLP**<br>445 South Figueroa Street, 38th Floor<br>Los Angeles, CA 90071-1601<br>Telephone:     213-955-7700<br>Facsimile:     213-955-7725<br>Email:          garth.aubert@mendes.com | *Attorneys for Defendant,*<br>*Pratt & Whitney Canada Corp.* |
| Jonathan S. Morse (CA SBN 74812)<br>**MORSE LAW GROUP**<br>2800 28th Street, Suite 130<br>Santa Monica, CA 90405<br>Telephone:     310-396-0700<br>Facsimile:     310-396-0900<br>Email:          jmorse@morselawgroup.com | *Attorneys for Defendant,*<br>*GG Aircraft LLC* |
| Elizabeth L. Crooke<br>**ENGSTROM, LIPSCOMB & LACK**<br>10100 Santa Monica boulevard, 16th Floor<br>Los Angeles, CA 90067<br>Telephone:     310-522-3800<br>Facsimile:     310-552-9434<br>Email:          bcrooke@elllaw.com | *Attorneys for Gund Plaintiffs* |
| Noah Kushlefsky<br>Brian J. Alexander<br>**KREINDLER & KREINDLER LLP**<br>100 Park Avenue<br>New York, NY 10017<br>Telephone:     212-687-8181<br>Facsimile:     212-972-9432<br>Email:          nkushlefsky@kreindler.com<br>                   balexander@kreindler.com | *Attorneys for Plaintiffs, Lori Kells,*<br>*individually and as guardian ad litem for*<br>*Margaret and Lauren Kells, minors,*<br>*Donald Ruetz, Vanessa Germani, Daniel*<br>*Nelson and Donald Nelson* |
| Stuart R. Fraenkel (CA SBN 173991)<br>**KREINDLER & KREINDLER LLP**<br>707 Wilshire Blvd., Suite 4100<br>Los Angeles, CA 90017<br>Telephone:     213-622-6469<br>Telecopier:   213-622-6019<br>Email:          sfraenkel@kreindler.com | *Attorneys for Plaintiffs, Lori Kells,*<br>*individually and as guardian ad litem for*<br>*Margaret and Lauren Kells, minors,*<br>*Donald Ruetz, Vanessa Germani, Daniel*<br>*Nelson and Donald Nelson* |

212895.1

1

## PROOF OF SERVICE

2    **STATE OF CALIFORNIA**          )          **Kells v. Pilatus Aircraft, Ltd.**
                                      ) ss.      **SFSC Case No. CG-07-465132**
3    **COUNTY OF LOS ANGELES**        )          **Our File No. 390,583**

4          I am employed in the County of Los Angeles, State of California. I am over
5    the age of 18 and not a party to the within action; my business address is 445 S.
     Figueroa Street, Suite 3800, Los Angeles, California 90071.

6

7          On **August 7, 2008**, I served the document described as **DEFENDANT
     PRATT & WHITNEY CANADA CORP.'S NOTICE OF REMOVAL OF
8    ACTION UNDER 28 U.S.C. § 1332(A)(1) AND § 1441(B)** on the interested
     parties in this action, as follows:

9

### SEE ATTACHED SERVICE LIST

10    __X__   **(By U.S. Mail)** By placing _____ the original / __X__ a true copy thereof
11          enclosed in a sealed envelope, with postage fully paid, addressed as per the
            attached service list, for collection and mailing at Mendes & Mount in Los
12          Angeles, California following ordinary business practices.  I am readily
            familiar with the firm's practice of collection and processing correspondence
13          for mailing. Under that practice it would be deposited with U.S. postal service
            on that same day with postage thereon fully prepaid at Los Angeles, California
14          in the ordinary course of business. I am aware that on motion of the party
            served, service is presumed invalid if postal cancellation date or postage meter
15          date is more than one day after the date of deposit for mailing in affidavit.

16    _____   **(By Facsimile)** I transmitted from a facsimile transmission machine whose
17          telephone number is (213) 955-7725 the above-entitled document to the
            parties listed on the attached Service List and whose facsimile transmission
18          machine telephone number is indicated.  The above-described transmission
            was reported as complete without error by a transmission report issued by the
19          facsimile transmission machine upon which the said transmission was made
            immediately following the transmission. A true and correct copy of the said
20          transmission report is attached hereto and incorporated herein by this
            reference.

21

22    _____   **(By FedEx)** I placed the above-entitled document in a FedEx (Overnight)
            envelope/pouch as addressed and indicated on the attached service list, with
23          delivery fees paid or provided for and deposited in a facility regularly
            maintained by the express service carrier or delivered to a courier or driver
24          authorized to receive documents on its behalf.

25    __X__   **(FEDERAL)** I declare that I am employed in the office of a member of the
            bar of this Court at whose direction the service was made.

26

27          Executed on **August 7, 2008**, at Los Angeles, California.

28

                                              _____
                                              Lissette M. Fernandez

102611.2 _POS(Kells State Court)

1

## SERVICE LIST

2

**VIA U.S. Mail**
Attorneys for Plaintiff
Stuart R. Fraenkel
Kreindler & Kreindler
707 Wilshire Blvd., Ste. 4100
Los Angeles, CA 90017
213-622-6469 / 213-622-6019 (Fx)

**Via U.S. Mail**
Jonathan S. Morse
The Morse Law Group
2800 28th Street, Ste. 130
Santa Monica, CA 90405-6213
310-396-0700 / 310-396-0900 (Fx)

**Via U.S. Mail**
Noah Kushlefsky
Brian J. Alexander
Kreindler & Kreindler, LLP
100 Park avenue
New York, NY 10017
212-687-8181
212-972-9432

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

102611.2 _POS(Kells State Court)